

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

January 22, 2025

**By ECF**

Hon. Jamel K. Semper
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

> *Re:*   *SEC v. Westbrook,* 2:24-cv-9497
> Response to Clerk of Court's Notice of Call for Dismissal Pursuant to Fed.
> R. Civ. P. 4(m)

Dear Judge Semper:

Plaintiff Securities and Exchange Commission (the "Commission") writes in response to a Notice of Call for Dismissal Pursuant to Federal Rule of Civil Procedure 4(m) filed on January 16, 2025 by the Clerk of Court. *See SEC v. Westbrook*, 2:24-cv-9497 (D.N.J.), Dkt. No. 7. As explained further below, service of the summons and complaint in this case is governed by Rule 4(f) because Defendant Robert B. Westbrook ("Westbrook") is an individual located in a foreign country. Therefore, the time limit for service under Rule 4(m) does not apply and the case should not be dismissed.

## I.   **Background**

The Commission filed a complaint on September 27, 2024 alleging that Westbrook—a citizen and resident of the United Kingdom—engaged in a fraudulent "hack-to-trade" scheme. *See* Dkt. No. 1. Specifically, the Commission alleged that Westbrook engaged in a fraudulent scheme to hack into the computer systems of at least five U.S. public companies to deceptively obtain material nonpublic information about their corporate earnings and to use that information by trading in advance of at least 14 of the companies' public earnings announcements. In doing so, Westbrook allegedly reaped approximately $3.75 million in illicit profits. The Commission alleged that Westbrook violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder.

Westbrook was also charged criminally for this same conduct. *See United States v. Westbrook*, 2:23-cr-779 (D.N.J.), Dkt. No. 1 (Sept. 29, 2023). The indictment charged him with securities fraud, wire fraud, and five counts of computer fraud. *Id.* Westbrook

Hon. Jamel K. Semper
January 22, 2025
Page 2

was arrested in the United Kingdom on September 26, 2024, and the indictment was unsealed on September 27, 2024. *Id.* at Dkt. No. 4. It is the Commission staff's understanding that Westbrook has been held in custody in the United Kingdom pending his extradition to the United States to face those criminal charges.

Since Westbrook's arrest in the United Kingdom, the Commission staff has worked collaboratively with the U.S. Attorney's Office for the District of New Jersey, the Department of Justice's Office of Foreign Litigation, and local U.K. counsel to evaluate how to promptly serve Westbrook with the summons and complaint in this case. Due in part to the difficulties associated with serving a defendant in custody in the United Kingdom, the Commission staff has not yet successfully served Westbrook. The Commission staff will continue to monitor Westbrook's extradition proceedings and will continue to explore various methods to effect service of the summons and complaint on Westbrook—including by serving him in person while in custody or upon his release.

## II. Applicable Law

Federal Rule of Civil Procedure 4 broadly prescribes the contents, issuance, and service of summonses. Fed. R. Civ. P. 4. In general, the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m). *See* Fed. R. Civ. P. 4(c)(1). Subject to certain exceptions, Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified." As relevant here, Rule 4(m) states that it "does not apply to service in a foreign country under Rule 4(f) . . .[,]" the subsection that governs serving an individual in a foreign country. Rule 4(f), in turn, states how an individual in a foreign country may be served, including, among other things, "by any internationally agreed means of service that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f).

Here, Westbrook is an individual located in a foreign country—specifically, the United Kingdom. As a result, Rule 4(f) governs how the summons and complaint may be served in this case. *See* Fed. R. Civ. P. 4(f) (titled "Serving an Individual in a Foreign Country"). Therefore, Rule 4(m)'s general 90-day time limit to effect service does not apply in this case. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f)[.]").

Hon. Jamel K. Semper
January 22, 2025
Page 3

### III. Conclusion

For the forgoing reasons, Rule 4(m)'s 90-day time limit for service does not apply and the case should not be dismissed. Rather, the Commission staff may serve Westbrook by any of the methods prescribed in Rule 4(f). The Commission staff will continue its efforts to promptly serve Westbrook in the United Kingdom and will keep the Court apprised of its progress.

Respectfully Submitted,

/s/ Russell J. Feldman
Russell J. Feldman
Trial Counsel

*Attorney for Plaintiff Securities and Exchange Commission*